1

2

3

4

5

6

7 **IN THE UNITED STATES DISTRICT COURT**

8 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10 BRADFORD McARTHUR,                              CASE NO. CV F 06-0184 AWI LJO

11                     Plaintiff,            **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**

12        vs.

13 CITY OF TAFT, et al.,

14                     Defendants.

15                                                    /

16 **BACKGROUND**

17        Plaintiff Bradford McArthur ("plaintiff") proceeds pro se in this action.  This Court issued its

18 March 13, 2006 order ("March 13 order") to require plaintiff, no later than April 3, 2006, to the pay the

19 $250 filing fee for this action or to submit a fully completed in forma pauperis application to

20 demonstrate he is entitled to proceed without prepayment of fees.    The March 13 order

21 "**ADMONISHES plaintiff that failure to comply with this order will result in a recommendation**

22 **to dismiss this action.**"  (Bold in original.)  Plaintiff failed timely to submit the $250 filing fee or an

23 application to proceed without prepayment of fees.

24 **DISCUSSION**

25 **Failure To Comply With Orders**

26        This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with

27 these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

28 and all sanctions . . . within the inherent power of the Court." District courts have inherent power to

1

1  control their dockets and "in the exercise of that power, they may impose sanctions including, where

2  appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

3  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local

4  rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

5  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply

6  with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

7  1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised

8  of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

9  comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

10  of prosecution and failure to comply with local rules).

11        In determining whether to dismiss an action for failure to comply with a court order or local rules

12  or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious

13  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant;

14  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

15  alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

16  *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

17        In this case, the Court finds that the public's interest in expeditiously resolving this litigation and

18  the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this

19  action with his unexplained failure to submit the filing fee or an application to proceed without

20  prepayment of fees.  The third factor --  risk of prejudice to defendant -- also weighs in favor of

21  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting

22  an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy

23  favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

24  discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result

25  in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*,

26  833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The March 13 order "**ADMONISHES plaintiff**

27  **that failure to comply with this order will result in a recommendation to dismiss this action.**"

28  (Bold in original.)    Thus, plaintiff received adequate warning that dismissal will result from

2

1 | noncompliance with this Court's order and failure to prosecute this action.  Quite simply, plaintiff has

2 | failed to comply with this Court's order or to meaningfully and intelligently respond.

3 | **CONCLUSION AND RECOMMENDATION**

4 | Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds

5 | plaintiff has failed to: (1) submit the $250 filing fee or an application to proceed without prepayment

6 | of fees; (2) comply with this Court's order; and (3) diligently prosecute this action.

7 | These findings and recommendations are submitted to the district judge assigned to this action,

8 | pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304.  No later than April 21, 2006,

9 | plaintiff may file written objections with the Court and serve a copy on the magistrate judge in

10 | compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections

11 | to Magistrate Judge's Findings and Recommendations." The district judge will then review the

12 | magistrate judge's ruling pursuant to 28 U.S.C. § 636(b).  Plaintiff is advised that failure to file

13 | objections within the specified time may waive the right to appeal the district court's order. *Martinez*

14 | *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15 | IT IS SO ORDERED.

16 | **Dated:    April 6, 2006**                            **/s/ Lawrence J. O'Neill**
   | 66h44d                                                 UNITED STATES MAGISTRATE JUDGE