**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRADFORD McATHUR, | CASE NO. CV F 06-0184 AWI LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| CITY OF TAFT POLICE DEPARTMENT, et al., | |
| Defendants. / | |

**BACKGROUND**

Plaintiff Bradford McAthur ("plaintiff") was a state prisoner and proceeds pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983 ("section 1983"). Plaintiff proceeds with a form complaint ("complaint") to name as defendants the Taft City Police Department, Taft City police officer Williams (Badge No. 27) ("Officer Williams"), and Taft City police officer Kinney ("Officer Kinney"). The complaint's caption includes "Officers Academy" as a defendant but the complaint lacks specific allegations as to such defendant. The complaint alleges that during a December 28, 2004 traffic stop, Officers Williams and Kinney used physical force to arrest plaintiff, who was injured. The complaint seeks monetary damages for personal injury and punitive damages.

1  This Court issued its April 25, 2006 order ("April 25 order") to dismiss the complaint on grounds the complaint fails to satisfy pleading requirements and to allege cognizable section 1983 claims and appears intended to vex Officers Williams and Kinney. The April 25 order granted plaintiff up to May 17, 2006 to file an amended complaint and admonished plaintiff that "**failure to file an amended complaint in compliance with this order will result in a recommendation to dismiss this action for failure to obey a court order**." (Bold in original.)

Plaintiff failed to comply with the April 25 order and to file timely an amended complaint.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this action with his unexplained failure to file an amended complaint. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The April 25 order admonishes plaintiff that "**failure to file an amended complaint in compliance with this order will result in a recommendation to dismiss this action for failure to obey a court order**." (Bold in original.) Thus, plaintiff received adequate warning that dismissal will result from noncompliance with this Court's order and failure to prosecute this action. Quite simply, plaintiff has failed to comply with this Court's order or to meaningfully and intelligently respond.

**CONCLUSION AND RECOMMENDATION**

Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice on grounds plaintiff has failed to: (1) file an amended complaint; (2) comply with this Court's order; and (3) diligently prosecute this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304. No later than June 8, 2006, plaintiff may file written objections with the Court and serve a copy on the magistrate judge in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the magistrate judge's ruling pursuant to 28 U.S.C. § 636(b). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 18, 2006                    /s/ Lawrence J. O'Neill**

66h44d                              UNITED STATES MAGISTRATE JUDGE